David Jacobs, State Bar No. 73545
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Facsimile: 310.553.2165
DJacobs@ebglaw.com

Attorneys for Defendants
Bay Smokes LLC and
Good Global LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA –

## WESTERN DIVISION

| | |
|---|---|
| THE HOLDING COMPANY LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BAY SMOKES LLC, a Florida limited liability company; WILLIAM JAMES GOODALL, an individual; KATIANA KAY, an individual; GOOD GLOBAL LLC, a Delaware limited liability company and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-03635-DMG-MARx<br><br>**DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS** |

Defendant BAY SMOKES LLC ("Bay Smokes" or "Defendant"), for itself and no others, hereby answers the Complaint of Plaintiff THE HOLDING COMPANY LLC ("Plaintiff") and says as follows:

## JURISDICTION AND VENUE

1.      Defendant states that Paragraph 1 of the Complaint contains a statement of law pursuant to which no response is required, and denies any remaining allegations in Paragraph 1 of the Complaint.

1

2. Defendant makes no response to the legal/jurisdictional arguments and conclusory statements contained in this Paragraph 2 of the Complaint (while reserving rights to same), and denies any remaining allegations in Paragraph 2 of the Complaint.

3. Defendant make no response to the legal/jurisdictional arguments and conclusory statements contained in this Paragraph 3 of the Complaint (while reserving rights to same), and denies any remaining allegations in Paragraph 3 of the Complaint.

4. Defendant makes no response to the legal/jurisdictional arguments and conclusory statements contained in this Paragraph 4 of the Complaint (while reserving rights to same), and denies any remaining allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

## PARTIES

7. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant denies that William James Goodall ("Goodall") "personally directed the conduct described" in the Complaint and is the Chief Executive Officer of Bay Smokes, and admits that Goodall is the co-founder, an owner and principal of Bay Smokes, admits that Goodall exercised control over the marketing, branding and commercial activities of Bay Smokes, and admits that Goodall is in a position of management and control over Good Global LLC ("Good Global").

11. Defendant denies the allegations of Paragraph 11 of the Complaint, except admits that Katiana Kay ("Kay") is a co-founder of Bay Smokes, and denies knowledge or information sufficient to allow it to admit or deny the allegations as to

2

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

whether "Plaintiff is currently unaware of Kay's legal name but will amend the complaint when Plaintiff is made aware of Kay's legal name" of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

## INTRODUCTION

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant admits that Dominique Jones is known as Lil Baby and is presently without knowledge or information sufficient to allow it to admit or deny the remaining allegations of Paragraph 15 of the Complaint.

16. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 16 of the Complaint.

17. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 17 of the Complaint.

18. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant admits the allegations of Paragraph 22 of the Complaint.

23. Defendant states that the Marketing Joint Venture Agreement ("Agreement") speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 23 of the Complaint.

24. Defendant states that the Agreement speaks for itself and refer to its contents and otherwise denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

28.    Defendant denies the allegations of Paragraph 28 of the Complaint.

29.    Defendant denies the allegations of Paragraph 29 of the Complaint.

30.    Defendant denies the allegations of Paragraph 30 of the Complaint.

31.    Defendant denies the allegations of Paragraph 31 of the Complaint.

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant denies the allegations of Paragraph 33 of the Complaint.

34.    Defendant denies the allegations of Paragraph 34 of the Complaint.

35.    Defendant admits that it received a letter dated February 13, 2026 and that the letter speaks for itself and refers to its contents and otherwise denies the remaining allegations of Paragraph 35 of the Complaint.

36.    Defendant denies the allegations of Paragraph 36 of the Complaint.

37.    Defendant admits Plaintiff brings this action and otherwise denies all remaining allegations of Paragraph 37 of the Complaint.

## FACTUAL BACKGROUND

*Plaintiff and The Lil Baby Brand*

38.    Defendant admits that Lil Baby is a globally recognized recording artist and public figure and otherwise denies the remaining allegations of Paragraph 38 of the Complaint.

39.    Defendant denies the allegations of Paragraph 39 of the Complaint.

40.    Defendant admits that Plaintiff owns the trademarks WHAM!, SAVAGE PATCH!, and GOON BERRIES! (collectively, the "Marks"), and is otherwise presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 40.

41.    Defendant admits that Plaintiff uses the trademarks WHAM!, SAVAGE PATCH!, and GOON BERRIES! within the hemp market and is otherwise presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 41.

42.    Defendant is presently without knowledge or information sufficient to

allow it to admit or deny the allegations of Paragraph 42 of the Complaint.

43. Defendant admits that Lil Baby is a global streaming success and is otherwise presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 43 of the Complaint.

44. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 44 of the Complaint.

45. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 45 of the Complaint.

46. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 46 of the Complaint.

*The Marketing Joint Venture Agreement*

47. Defendant admits the allegations of Paragraph 47 of the Complaint.

48. Defendant states that the Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 48 of the Complaint.

49. Defendant states that the Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 49 of the Complaint.

50. Defendant states that the Agreement speaks for itself and refers to its contents and otherwise is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 50 of the Complaint.

*Defendants' Unlawful Cannabis Sales and Concealment Scheme*

51. Defendant states that the Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies that it engaged in any misconduct and otherwise is

presently without knowledge or information sufficient to allow it to admit or deny the remaining allegations of Paragraph 57 of the Complaint.

58. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 58 of the Complaint.

59. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant is presently without knowledge or information sufficient to allow it to admit or deny what Plaintiff believes and otherwise denies the remaining allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

*Violations of Federal and California Cannabis Laws*

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint is a statement of law that does not require an admission or denial.

69. Paragraph 69 of the Complaint is a statement of law that does not require an admission or denial.

70. Paragraph 70 of the Complaint is a statement of law that does not require an admission or denial.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies all allegations of wrongdoing and/or wrongful conduct and otherwise states that the remainder of Paragraph 74 are statements of

6

law that do not require an admission or denial.

75. Defendant denies all allegations of wrongdoing and/or wrongful conduct and otherwise states that the remainder of Paragraph 75 are statements of law that do not require an admission or denial.

*California Cannabis Testing and Safety Violations*

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint is a statement of law that does not require an admission or denial.

78. Paragraph 78 of the Complaint is a statement of law that does not require an admission or denial.

79. Paragraph 79 of the Complaint is a statement of law that does not require an admission or denial.

80. Paragraph 80 of the Complaint is a statement of law that does not require an admission or denial.

81. Paragraph 81 of the Complaint is a statement of law that does not require an admission or denial.

82. Paragraph 82 of the Complaint is a statement of law that does not require an admission or denial.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint is a statement of law that does not require an admission or denial.

*Unlawful Conduct and Continuing Violations*

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Complaint.

*Contaminated Products*

88. Defendant denies the allegations of Paragraph 88 of the Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Complaint.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

90.    Defendant denies the allegations of Paragraph 90 of the Complaint.

91.    Defendant denies the allegations of Paragraph 91 of the Complaint.

92.    Defendant denies the allegations of Paragraph 92 of the Complaint.

93.    Defendant denies the allegations of Paragraph 93 of the Complaint.

*False Claims of Ownership and Association with Adult Content*

94.    Defendant denies the allegations of Paragraph 94 of the Complaint.

95.    Defendant denies the allegations of Paragraph 95 of the Complaint.

96.    Defendant denies the allegations of Paragraph 96 of the Complaint.

97.    Defendant denies the allegations of Paragraph 97 of the Complaint.

98.    Defendant denies the allegations of Paragraph 98 of the Complaint.

99.    Defendant denies the allegations of Paragraph 99 of the Complaint.

100.    Defendant denies the allegations of Paragraph 100 of the Complaint.

101.    Defendant denies the allegations of Paragraph 101 of the Complaint.

102.    Defendant denies the allegations of Paragraph 102 of the Complaint.

103.    Defendant denies the allegations of Paragraph 103 of the Complaint.

## FIRST CAUSE OF ACTION

### Trademark Infringement – 15 U.S.C. § 1114.

### (Lil Baby)

(Against All Defendants)

104.    Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

105.    Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 105 of the Complaint.

106.    Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 106 of the Complaint.

107.    Defendant denies the allegations of Paragraph 107 of the Complaint.

108.    Defendant denies the allegations of Paragraph 108 of the Complaint.

109.    Defendant denies the allegations of Paragraph 109 of the Complaint.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND
COUNTERCLAIMS

110. Defendant denies the allegations of Paragraph 110 of the Complaint.

111. Defendant denies the allegations of Paragraph 111 of the Complaint.

112. Defendant denies the allegations of Paragraph 112 of the Complaint.

113. Defendant denies the allegations of Paragraph 113 of the Complaint.

114. Defendant denies the allegations of Paragraph 114 of the Complaint.

115. Defendant denies the allegations of Paragraph 115 of the Complaint.

**SECOND CAUSE OF ACTION**

**Trademark Infringement – WHAM**

15 U.S.C. § 1114.

(Against All Defendants)

116. Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

117. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 117 of the Complaint.

118. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 118 of the Complaint.

119. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 119 of the Complaint.

120. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 120 of the Complaint.

121. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 121 of the Complaint.

122. Defendant denies the allegations of Paragraph 122 of the Complaint.

123. Defendant denies the allegations of Paragraph 123 of the Complaint.

124. Defendant denies the allegations of Paragraph 124 of the Complaint.

125. Defendant denies the allegations of Paragraph 125 of the Complaint.

126. Defendant denies the allegations of Paragraph 126 of the Complaint.

127. Defendant denies the allegations of Paragraph 127 of the Complaint.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

128. Defendant denies the allegations of Paragraph 128 of the Complaint.

129. Defendant denies the allegations of Paragraph 129 of the Complaint.

130. Defendant denies the allegations of Paragraph 130 of the Complaint.

## THIRD CAUSE OF ACTION

### Trademark Infringement – SAVAGE PATCH!

15 U.S.C. § 1114

(Against All Defendants)

131. Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

132. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 132 of the Complaint.

133. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 133 of the Complaint.

134. Defendant denies the allegations of Paragraph 134 of the Complaint.

135. Defendant denies the allegations of Paragraph 135 of the Complaint.

136. Defendant denies the allegations of Paragraph 136 of the Complaint.

137. Defendant denies the allegations of Paragraph 137 of the Complaint.

138. Defendant denies the allegations of Paragraph 138 of the Complaint.

139. Defendant denies the allegations of Paragraph 139 of the Complaint.

140. Defendant denies the allegations of Paragraph 140 of the Complaint.

141. Defendant denies the allegations of Paragraph 141 of the Complaint.

## FOURTH CAUSE OF ACTION

### Trademark Infringement – GOON BERRIES!

15 U.S.C. § 1114

(Against All Defendants)

142. Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

143. Defendant admits that Plaintiff owns a trademark for the Goon Berries!

10

mark and otherwise denies the remaining the allegations of Paragraph 143 of the Complaint.

144.   Defendant admits the allegations of Paragraph 144 of the Complaint.

145.   Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 145 of the Complaint.

146.   Defendant admits the allegations of Paragraph 146 of the Complaint.

147.   Defendant denies the allegations of Paragraph 147 of the Complaint.

148.   Defendant denies the allegations of Paragraph 148 of the Complaint.

149.   Defendant denies the allegations of Paragraph 149 of the Complaint.

150.   Defendant denies the allegations of Paragraph 150 of the Complaint.

151.   Defendant denies the allegations of Paragraph 151 of the Complaint.

152.   Defendant denies the allegations of Paragraph 152 of the Complaint.

153.   Defendant denies the allegations of Paragraph 153 of the Complaint.

## FIFTH CAUSE OF ACTION

### Trademark Infringement – THE HOLDING COMPANY

15 U.S.C. § 1114

(Against All Defendants)

154.   Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

155.   Defendant admits the allegations of Paragraph 155 of the Complaint.

156.   Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 156 of the Complaint.

157.   Defendant admits the allegations of Paragraph 157 of the Complaint.

158.   Defendant denies the allegations of Paragraph 158 of the Complaint.

159.   Defendant denies the allegations of Paragraph 159 of the Complaint.

160.   Defendant denies the allegations of Paragraph 160 of the Complaint.

161.   Defendant denies the allegations of Paragraph 161 of the Complaint.

162.   Defendant denies the allegations of Paragraph 162 of the Complaint.

163. Defendant denies the allegations of Paragraph 163 of the Complaint.

164. Defendant denies the allegations of Paragraph 164 of the Complaint.

165. Defendant denies the allegations of Paragraph 165 of the Complaint.

### SIXTH CAUSE OF ACTION

**False Designation of Origin and False Endorsement**

15 U.S.C § 1125(a)

(Against All Defendants)

166. Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

167. Defendant denies the allegations of Paragraph 167 of the Complaint.

168. Defendant denies the allegations of Paragraph 168 of the Complaint.

169. Defendant denies the allegations of Paragraph 169 of the Complaint.

170. Defendant denies the allegations of Paragraph 170 of the Complaint.

171. Defendant denies the allegations of Paragraph 171 of the Complaint.

172. Defendant denies the allegations of Paragraph 172 of the Complaint.

173. Defendant denies the allegations of Paragraph 173 of the Complaint.

174. Defendant denies the allegations of Paragraph 174 of the Complaint.

175. Defendant denies the allegations of Paragraph 175 of the Complaint.

176. Defendant denies the allegations of Paragraph 176 of the Complaint.

### SEVENTH CAUSE OF ACTION

**Trademark Dilution by Tarnishment**

15 U.S.C. § 1125(c)

(Against All Defendants)

177. Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

178. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 178 of the Complaint.

179. Defendant is presently without knowledge or information sufficient to

12

allow it to admit or deny the allegations of Paragraph 179 of the Complaint.

180. Defendant denies the allegations of Paragraph 180 of the Complaint.

181. Defendant denies the allegations of Paragraph 181 of the Complaint.

182. Defendant denies the allegations of Paragraph 182 of the Complaint.

183. Defendant denies the allegations of Paragraph 183 of the Complaint.

184. Defendant denies the allegations of Paragraph 184 of the Complaint.

185. Defendant denies the allegations of Paragraph 185 of the Complaint.

186. Defendant denies the allegations of Paragraph 186 of the Complaint.

## EIGHTH CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. §§ 501, *et seq.*

### (SAVAGE PATCH Copyright)

(Direct, Contributory, Vicarious)

(Against All Defendants)

187. Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

188. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 188 of the Complaint.

189. Defendant denies the allegations of Paragraph 189 of the Complaint.

190. Defendant denies the allegations of Paragraph 190 of the Complaint.

191. Defendant denies the allegations of Paragraph 191 of the Complaint.

192. Defendant denies the allegations of Paragraph 192 of the Complaint.

193. Defendant denies the allegations of Paragraph 193 of the Complaint.

194. Defendant denies the allegations of Paragraph 194 of the Complaint.

195. Defendant denies the allegations of Paragraph 195 of the Complaint.

///

///

///

///

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

## NINTH CAUSE OF ACTION

**Copyright Infringement – 17 U.S.C. §§ 501,** *et seq.*

**(WHAM! Copyright)**

(Direct, Contributory, Vicarious)

(Against All Defendants)

196.   Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

197.   Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 197 of the Complaint.

198.   Defendant denies the allegations of Paragraph 198 of the Complaint.

199.   Defendant denies the allegations of Paragraph 199 of the Complaint.

200.   Defendant denies the allegations of Paragraph 200 of the Complaint.

201.   Defendant denies the allegations of Paragraph 201 of the Complaint.

202.   Defendant denies the allegations of Paragraph 202 of the Complaint.

203.   Defendant denies the allegations of Paragraph 203 of the Complaint.

## TENTH CAUSE OF ACTION

**Copyright Infringement – 17 U.S.C. §§ 501,** *et seq.*

**(GOON BERRIES Copyright)**

(Direct, Contributory, Vicarious)

(Against All Defendants)

204.   Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

205.   Defendant is presently without knowledge or information sufficient to allow them to admit or deny the allegations of Paragraph 205 of the Complaint.

206.   Defendant denies the allegations of Paragraph 206 of the Complaint.

207.   Defendant denies the allegations of Paragraph 207 of the Complaint.

208.   Defendant denies the allegations of Paragraph 208 of the Complaint.

209.   Defendant denies the allegations of Paragraph 209 of the Complaint.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

210.  Defendant denies the allegations of Paragraph 210 of the Complaint.

211.  Defendant denies the allegations of Paragraph 211 of the Complaint.

## ELEVENTH CAUSE OF ACTION

### Breach of Written Contract

(Against Defendant Bay Smokes LLC)

212.  Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

213.  Defendant admits the allegations of Paragraph 213 of the Complaint.

214.  Defendant denies the allegations of Paragraph 214 of the Complaint.

215.  Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 215 of the Complaint.

216.  Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 216 of the Complaint.

217.  Defendant denies the allegations of Paragraph 217 of the Complaint.

218.  Defendant denies the allegations of Paragraph 218 of the Complaint.

*Failure to Maintain Quality-Control Standards*

219.  Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 219 of the Complaint.

220.  Defendant denies the allegations of Paragraph 220 of the Complaint.

221.  Defendant denies the allegations of Paragraph 221 of the Complaint.

*Failure to Maintain Accurate Books and Records*

222.  Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 222 of the Complaint.

223.  Defendant denies the allegations of Paragraph 223 of the Complaint.

15

224. Defendant denies the allegations of Paragraph 224 of the Complaint.

225. Defendant denies the allegations of Paragraph 225 of the Complaint.

226. Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 226 of the Complaint.

227. Defendant denies the allegations of Paragraph 227 of the Complaint.

228. Defendant is presently without knowledge or information sufficient to allow it to admit or deny the allegations of Paragraph 228 of the Complaint.

229. Defendant denies the allegations of Paragraph 229 of the Complaint.

*Concealment of Sales and Revenue*

230. Defendant denies the allegations of Paragraph 230 of the Complaint.

231. Defendant denies the allegations of Paragraph 231 of the Complaint.

232. Defendant denies the allegations of Paragraph 232 of the Complaint.

*Failure to Permit Meaningful Oversight and Audit*

233. Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 233 of the Complaint.

234. Defendant denies the allegations of Paragraph 234 of the Complaint.

235. Defendant denies the allegations of Paragraph 235 of the Complaint.

236. Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 236 of the Complaint.

237. Defendant denies the allegations of Paragraph 237 of the Complaint.

238. Defendant denies the allegations of Paragraph 238 of the Complaint.

*Sale of Unauthorized and Illegal Products Outside Scope of Agreement*

239. Defendant admits that the referenced Agreement speaks for itself and refers to its contents and otherwise denies the allegations of Paragraph 239 of the Complaint.

240.   Defendant denies the allegations of Paragraph 240 of the Complaint.

241.   Defendant denies the allegations of Paragraph 241 of the Complaint.

*Resulting Harm*

242.   Defendant denies the allegations of Paragraph 242 of the Complaint.

243.   Defendant denies the allegations of Paragraph 243 of the Complaint.

244.   Defendant denies the allegations of Paragraph 244 of the Complaint.

245.   Defendant denies the allegations of Paragraph 245 of the Complaint.

## TWELFTH CAUSE OF ACTION

### Unfair Competition

(Cal. Bus. & Prof. Code § 17200)

(Against All Defendants)

246.   Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

247.   Defendant denies the allegations of Paragraph 247 of the Complaint.

248.   Defendant denies the allegations of Paragraph 248 of the Complaint.

249.   Defendant denies the allegations of Paragraph 249 of the Complaint.

250.   Defendant denies the allegations of Paragraph 250 of the Complaint.

251.   Defendant denies the allegations of Paragraph 251 of the Complaint.

252.   Defendant denies the allegations of Paragraph 252 of the Complaint.

253.   Defendant denies the allegations of Paragraph 253 of the Complaint.

## THIRTEENTH CAUSE OF ACTION

### False Advertising

(Cal. Bus. & Prof. Code § 17500)

254.   Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

255.   Paragraph 255 of the Complaint is a statement of law that does not require an admission or denial.

256.   Defendant denies the allegations of Paragraph 256 of the Complaint.

17

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

257.  Defendant denies the allegations of Paragraph 257 of the Complaint.

258.  Defendant denies the allegations of Paragraph 258 of the Complaint.

259.  Defendant denies the allegations of Paragraph 259 of the Complaint.

260.  Defendant denies the allegations of Paragraph 260 of the Complaint.

261.  Defendant denies the allegations of Paragraph 261 of the Complaint.

262.  Defendant denies the allegations of Paragraph 262 of the Complaint.

263.  Defendant denies the allegations of Paragraph 263 of the Complaint.

264.  Defendant denies the allegations of Paragraph 264 of the Complaint.

265.  Defendant denies the allegations of Paragraph 265 of the Complaint.

266.  Defendant denies the allegations of Paragraph 266 of the Complaint.

## FOURTEENTH CAUSE OF ACTION

### Accounting

(Against All Defendants)

267.  Defendant repeats and incorporates by reference the response to each previous paragraph as though fully set forth herein.

268.  Defendant denies the allegations of Paragraph 268 of the Complaint.

269.  Defendant denies the allegations of Paragraph 269 of the Complaint.

270.  Defendant denies the allegations of Paragraph 270 of the Complaint.

271.  Defendant denies the allegations of Paragraph 271 of the Complaint.

272.  Defendant denies the allegations of Paragraph 272 of the Complaint.

## PRAYER FOR RELIEF

273.  Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph under the section PRAYER FOR RELIEF, including all of the relief sought in subparts A through M, or otherwise.

///

///

///

///

18

## AFFIRMATIVE DEFENSES

Defendant submits the following affirmative defenses to the Complaint, and each and every cause of action, claim or common count alleged therein, without assuming or undertaking any burden, or burden of proof, not otherwise assigned to it by law:

### FIRST AFFIRMATIVE DEFENSE

### (Fails to State a Cause of Action)

Plaintiff's claims fail to state facts sufficient to constitute any cause of action as to Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is equitably estopped from asserting its claims by reason of its conduct, representations, or omissions upon which Defendant reasonably relied.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (No Infringement/False Designation/Unfair Competition)

Defendant has not engaged in any activity that could constitute trademark infringement, false designation of origin or unfair competition under 35 U.S.C. §1125(a), common law unfair competition, or a violation of CA Business and Professions Code Sections 17200 and/or 17500.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Police/Uncontrolled Licensing)

Plaintiff has failed to protect, police and/or control the asserted LIL' BABY mark, LIL' BABY name and brand, the WHAM! mark, the SAVAGE PATCH! mark, the GOON BERRIES! mark, and/or THE HOLDING COMPANY mark from widespread infringement thereby resulting in an abandonment of its alleged trademark rights in the LIL' BABY mark, LIL' BABY name and brand, the WHAM! mark, the SAVAGE PATCH! mark, the GOON BERRIES! mark, and/or THE HOLDING COMPANY mark.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Trademark Infringement under 15 U.S.C. § 1114 (Count VI), and False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a) (Count VII) are barred because Defendant's alleged use of the LIL' BABY mark, LIL' BABY name and brand, the WHAM! mark, the SAVAGE PATCH! mark, the GOON BERRIES! mark, and/or THE HOLDING COMPANY mark do not, and have not, caused a likelihood of confusion.

## NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

Defendant's use of the alleged use of the LIL' BABY mark, LIL' BABY name and brand, the WHAM! mark, the SAVAGE PATCH! mark, the GOON BERRIES! mark, and/or THE HOLDING COMPANY mark constitutes nominative fair use and/or descriptive fair use under applicable law.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant has acted in good faith towards Plaintiff and has used LIL' BABY mark, LIL' BABY name and brand, the WHAM! mark, the SAVAGE PATCH! mark, the GOON BERRIES! mark, and/or THE HOLDING COMPANY mark in

20

good faith, and all actions that Defendant has taken with respect to the Plaintiff, if any, were undertaken in good faith and for legitimate business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of Mark)

Plaintiff's purported trademark rights are invalid and unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

Defendant has not engaged in any unlawful, unfair, or fraudulent business practice.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages / Speculative Harm)

Plaintiff has suffered no cognizable damages, or any alleged damages are speculative.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate its alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (First Amendment Protection)

Defendant's alleged conduct is protected by the First Amendment to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Set-Off and/or Recoupment)

To the extent Plaintiff is entitled to any recovery on its claims, which Defendant denies, such recovery is subject to set-off and/or recoupment in favor of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims are barred by the doctrine of acquiescence.

21

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

Plaintiff's claims are barred by the doctrine of mistake.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Defendant's use of the alleged use of the SAVAGE PATCH Copyright, WHAM! Copyright, and GOON BERRIES Copyright constitutes fair use under applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Authorized Use of Copyrights)

Plaintiff's copyright infringement claims are barred, in whole or in part, because the uses at issue were authorized by express license, implied license, consent, acquiescence, or industry custom and practice. Any uses conformed to applicable license terms or to Plaintiff's conduct granting or implying permission.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (De Minimis Use)

Any alleged copying or use was de minimis, quantitatively and qualitatively insubstantial, and not actionable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Right and Ability to Supervise; No Direct Financial Benefit (Vicarious Copyright Infringement))

As to vicarious infringement, Defendant lacked the right and practical ability to supervise, control, or stop the alleged infringing conduct of third parties and did not derive a direct financial benefit that was causally tied to any specific infringement.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiff cannot demonstrate irreparable harm, inadequacy of legal remedies,

or balance of hardships/public interest supporting equitable relief. Any injunctive relief is unwarranted or should be narrowly tailored.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Innocent Infringement; Lack of Willfulness)

Defendant acted in good faith without knowledge or reason to know of alleged infringement. Any infringement, which is denied, was innocent and not willful, precluding enhanced damages and limiting statutory damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Knowledge or Material Contribution (Contributory Infringement))

As to contributory infringement, Plaintiff cannot establish that Defendant knew of specific infringing activity or materially contributed to it. Defendant lacked actual knowledge and was not willfully blind. Any tools or services provided were capable of substantial noninfringing uses, and Defendant took reasonable steps to address alleged infringements upon sufficient notice.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Volitional Conduct (Direct Infringement))

As to alleged direct infringement, Defendant did not engage in volitional conduct causing the alleged copies or public distributions. Any reproduction, display, or distribution occurred, if at all, through automated processes or at the direction of third parties outside Defendant's control.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiff's causes of action fail because there is a lack of causation between Plaintiff's allegations and Defendant's alleged actions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Breach)

Plaintiff's claims are barred, in whole or in part, by its breaches of the Agreement.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant's actions were reasonable and taken in good faith.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Intent to Deceive)

Defendant lacked any intent to deceive.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Unlawful, Unfair or Fraudulent Conduct)

Defendant did not engage in any unlawful, unfair or fraudulent conduct and/or business practices.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No False or Misleading Statements)

Defendant did not make any false and misleading statements.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Insufficient Service of Process)

Defendant was not properly served with the Summons and Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Agreement Calls for Arbitration)

The Complaint must be dismissed in its entirety because the Agreement contains a mandatory arbitration clause that requires that all of the claims raised in the Complaint be submitted only to private arbitration.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case, and hereby reserve the right to amend its answer to assert any such defenses.

///

///

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Bay Smokes LLC prays for judgment as follows:

A.    That Plaintiff takes nothing by reason of the Complaint;

B.    That Defendant Bay Smokes be awarded its costs of suit incurred herein, including reasonable attorneys' fees as appropriate; and

C.    That Defendant Bay Smokes LLC be awarded such additional and further relief as the Court deems just and proper.

## DEFENDANT BAY SMOKES LLC'S COUNTERCLAIMS

Defendant-Counterclaimant, Bay Smokes LLC ("Bay Smokes"), for its Counterclaim Complaint for breach of contract, unjust enrichment, and unfair competition against Plaintiff-Counterdefendant The Holding Company LLC ("Plaintiff") states as follows:

## NATURE OF ACTION

1.    Plaintiff has acted in violation of its contractual, statutory and common law obligations to Bay Smokes, resulting in damages to Bay Smokes.

## JURISDICTION AND VENUE

2.    This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the causes of action asserted herein arise from the same nucleus of operative facts as the causes of action alleged by Plaintiff in the Complaint.

3.    This Court has personal jurisdiction over Plaintiff because Plaintiff is a California limited liability company with its principal place of business located in Los Angeles, California.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Bay Smokes's claims occurred in this District.

## THE PARTIES

5.    Bay Smokes is a Florida limited liability company with its principal

25

place of business in Miami, Florida.

6.    Plaintiff is a California limited liability company with its principal place of business located at 633 W. 5th St., Los Angeles, California 90071.

## FACTS

7.    Bay Smokes is a family owned and operated limited liability company that manufactures, retails and distributes hemp-derived products.

8.    Bay Smokes is engaged in the online retail sales of hemp-related products and business activity that is federally and locally compliant with all applicable state, city and county ordinances and municipal codes.

*Bay Smokes and Plaintiff Enter Into the Marketing Joint Venture Agreement*

9.    On or around October 30, 2024, Bay Smokes and Plaintiff entered into the Marketing Joint Venture Agreement (the "Agreement").

10.    The Agreement also contains an indemnification clause at Section 16.2, pursuant to which Plaintiff, as the "Marketing Partner," agreed to "and shall indemnify" Bay Smokes from and against "any and all Indemnifiable Events," defined in Section 16.1 as "any and all claims, demands, causes of action, debts, obligations, liabilities, judgments, settlements, fines, penalties, damages, losses, costs, expenses, reasonable attorneys' fees, court costs, and all other injuries," that arise out of or result from Plaintiff's "material breach or non-fulfillment of any covenant, agreement or obligation to be performed by Marketing Partner or Marketing Partner's Related Parties pursuant this Agreement."

*Bay Smokes Terminates the Agreement Due to Plaintiff's Breach of the Agreement*

11.    Section 13.3 of the Agreement allows either party to the Agreement to terminate the Agreement effective upon written notice to the other party.

12.    By letter dated April 24, 2026 (the "Notice of Termination"), Bay Smokes terminated the Agreement pursuant to Section 13.3 of the Agreement, effective immediately upon Plaintiff's receipt of the Notice of Termination.

13.    On or around April 27, 2026, Plaintiff, via its counsel of record in this

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

action, acknowledged via email that Plaintiff received the Notice of Termination on April 27, 2026.

14.    Thus, pursuant to Section 13.3 of the Agreement, the Agreement was terminated effective April 27, 2026.

*Plaintiff Breached the Agreement's Confidentiality and Non-Disclosure Agreement*

15.    Exhibit B to the Agreement contains a Confidentiality and Non-Disclosure Agreement (the "Confidentiality Agreement") entered into between Plaintiff and Bay Smokes.

16.    The Confidentiality Agreement defines Confidential Information broadly to include financial data, pricing, margins, revenues, costs, profits, customer and supplier information, and contract terms.

17.    The Confidentiality Agreement defines "Disclosing Party" as the party to the Confidentiality Agreement that is disclosing or making available Confidential Information and the "Receiving Party" as the party to which the Confidential Information is disclosed or made available.

18.    Section 2.1 of the Confidentiality Agreement also states that "Confidential Information shall not be considered generally known to the public if revealed improperly to the public by the Receiving Party or others without the Disclosing Party's express written consent and/or in violation of an obligation of confidentiality to the Disclosing Party."

19.    Additionally, Section 3 of the Confidentiality Agreement states:

> Receiving Party agrees that the Confidential Information: (i) will be kept confidential by Receiving Party; (ii) the Parties shall maintain strict policies to preserve the Confidential Information; and (iii) without limiting the foregoing, will not be disclosed by Receiving Party to any Person except with the specific prior written consent of Disclosing Party or except as expressly otherwise permitted by this Agreement. Receiving Party is solely liable and responsible for any alleged, actual, or anticipated breach or default of any terms and conditions of this Agreement by any of its Representatives ….

20.    Section 13 of the Confidentiality Agreement contains an

27

indemnification provision that states that the

> Receiving Party agrees to indemnify and defend Disclosing Party, its principals and affiliates, together with its officers, directors, agents, associates, employees and attorneys, against and from any and all claims, liabilities, losses, damages or expenses (including without limitation to, reasonable attorneys' fees and other costs of investigation and litigating claims) caused, directly or indirectly by: (i) Receiving Party's breach of any agreement, representation, warranty, or acknowledgement made in this Agreement; or (ii) Receiving Party's failure to fulfill any obligation in this Agreement which results in the actual disclosure of Confidential Information.

21.     Section 20 of the Agreement extends the confidentiality protections in the Confidentiality Agreement to the Agreement itself and related financial and other non-public information.

22.     On or around April 6, 2026, Plaintiff breached the Agreement and the Confidentiality Agreement by publicly filing in this action the Complaint (Dkt. No. 1), which discloses the material terms of the Agreement, confidential financial data regarding the parties' performance, pricing and margin information, and specific contract terms, all without Bay Smokes's prior written consent, none of which are required or needed to be included in the Complaint to assert a claim for relief.

23.     Plaintiff further breached the Agreement and the Confidentiality Agreement by causing the fact and content of the publicly filed Complaint to be disseminated to multiple media outlets.

24.     At least one resulting media article bore paid-promotion markings, indicating that Plaintiff affirmatively purchased the placement.

25.     As a direct result of Plaintiff's breaches of the Agreement and Confidentiality Agreement, Bay Smokes has suffered injuries and, per Section 3 of the Confidentiality Agreement and Section 16.2 of the Agreement, is entitled to indemnification from Plaintiff, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

///

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

*Plaintiff's Incompatible Conduct and Breach of the Non-Disparagement Covenants*

26.    Sections 9.6 and 13.6 of the Agreement impose parallel mutual non-disparagement obligations that apply during the term of the Agreement (the "Term") and following termination.

27.    Section 9.6 of the Agreement states that the:

> Parties agree that, during the Term and for twenty-four (24) months, or the longest extent permitted by Applicable Law, whichever is longer, thereafter, parties will not make any statements or take any action that disparages or is otherwise damaging to the other Party.

28.    Section 13.6 of the Agreement states that:

> Either Party covenants and agrees that, after the Agreement is expired or terminated for any reason, neither it nor any of its Related Parties, shall in any way, directly or indirectly, alone or in concert with others, cause, express or cause to be expressed, orally or in writing, any remarks, statements, comments, or criticisms that disparage, call into disrepute, defame, or slander the other Party [sic] its Related Parties or its products or services, with the exception of testimony under penalty of perjury to Licensing Authorities or Governmental Person.

29.    Plaintiff has triggered the provisions contained in Sections 9.6 and 13.6 of the Agreement in two distinct ways.

30.    First, the Complaint filed by Plaintiff in this action publishes false allegations of product contamination that are directly contradicted by Bay Smokes's contemporaneous October 10, 2025, certificate of analysis for the "THCA Flower Gelato 45" batch that Plaintiff purports to have independently tested.

31.    Second, Plaintiff's principal Eric Anderson has directly disparaged Bay Smokes and the Licensed Products, as that term is defined in the Agreement, to prospective customers at industry trade shows, both prior to and following the termination of the Agreement, while steering those customers to competing sources of supply in which Plaintiff's principal holds an undisclosed personal financial interest.

32.    As a direct result of Plaintiff's breaches of Section 9.6 and Section 13.6

29

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

of the Agreement, Bay Smokes has suffered injuries for which it is entitled to damages, including damages for which Bay Smokes is entitled to indemnification pursuant to Section 16.2 of the Agreement, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

*Plaintiff Breached the Agreement's Mandatory Arbitration Agreement*

33. Under Section 37 of the Agreement, the parties agreed to a mandatory, final and binding arbitration agreement pursuant to which they agreed to arbitrate "any disputes arising out of this Agreement, including but not limited to the interpretation or enforcement of this Agreement."

34. Under Section 37 of the Agreement, the parties also expressly waived and relinquished their rights to a jury trial and to a court trial.

35. Under Section 37 of the Agreement, the parties also expressly agreed that the arbitration shall be kept confidential, and that the existence of the proceeding and any element of it, including all pleadings, briefs, testimony, and awards, shall not be disclosed beyond the tribunal.

36. Despite the Agreement's mandatory, final and binding arbitration agreement, on or around April 6, 2026, Plaintiff commenced this public action and demanded its causes of action be determined by a jury.

37. Plaintiff and Bay Smokes bargained for confidential binding arbitration precisely to avoid the reputational harm and commercial disruption that accompanies public litigation. Indeed, the very purpose of Section 37 of the Agreement's confidentiality clause is to prevent the kind of public disclosure and media amplification that Plaintiff orchestrated when it commenced this action.

38. As a direct result of Plaintiff's breach of Section 37 of the Agreement, Bay Smokes has suffered injuries for which it is entitled to damages, including damages for which Bay Smokes is entitled to indemnification pursuant to Section 16.2 of the Agreement, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

30

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

*Plaintiff Breached the Agreement's Notice and Cure Procedure*

39. Plaintiff alleges in the Complaint that it obtained on or around October 29, 2025, laboratory testing of the product "THCA Flower Gelato 45," which Plaintiff alleges in the Complaint is marketed by Bay Smokes.

40. In paragraph 89 of the Complaint, Plaintiff alleges that the "THCA Flower Gelato 45" Plaintiff submitted for laboratory testing failed mandatory microbial safety testing, which Plaintiff alleges is a breach of the Agreement.

41. Under Section 13.3 of the Agreement, Plaintiff was required to provide Bay Smokes with written notice of any material breach of the Agreement allegedly committed by Bay Smokes and provide Bay Smokes, after receipt of written notice, thirty business days to cure the alleged material breach.

42. Additionally, Section 13.3 of the Agreement further requires that, if a material breach is unable to be cured within thirty business days, Plaintiff shall provide Bay Smokes "additional reasonable time to cure."

43. Instead of providing Bay Smokes with the required written notice and period of thirty business days to cure the alleged breach concerning the product "THCA Flower Gelato 45," Plaintiff did not disclose to Bay Smokes the alleged results of the October 29, 2025 laboratory testing of "THCA Flower Gelato 45" for nearly four months.

44. On or around February 13, 2026, Plaintiff sent its first written communication to Bay Smokes to a commercial mailbox rather than to the notice address prescribed in Section 36 of the Agreement.

45. Section 36 of the Agreement requires that written notices must be sent to Bay Smokes at the address set forth in Bay Smokes's signature page of the Agreement, which is 62 NE 167th Street Unit 1009, Miami, Florida 33162.

46. Additionally, Plaintiff commenced this action almost immediately after its February 13, 2026 written communication without providing Bay Smokes with any meaningful opportunity to respond and cure the alleged breach.

47.    Plaintiff's procedural failure to abide by the express terms of Sections 13.3 and 36 of the Agreement is a material breach of the Agreement and forecloses Plaintiff's reliance on the alleged testing as a predicate for any claim.

48.    As a direct result of Plaintiff's breaches of Section 13.3 and Section 36 of the Agreement, Bay Smokes has suffered injuries for which it is entitled to damages, including damages for which Bay Smokes is entitled to indemnification pursuant to Section 16.2 of the Agreement, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

*Plaintiff Breached Its Enforcement Obligations Under the Agreement*

49.    Section 4.5 of the Agreement places the exclusive obligation to control enforcement against third-party infringement of the Licensed Property (as defined in the Agreement) on Plaintiff as the Marketing Partner.

50.    Under Section 4.5 of the Agreement, Bay Smokes's only corresponding obligation is to promptly notify Plaintiff, as the "Marketing Partner," of infringement of which it becomes aware.

51.    Bay Smokes discharged its obligation to promptly notify Plaintiff of infringement of which it became aware on numerous occasions over the course of the parties' relationship.

52.    Plaintiff took no meaningful enforcement action in response, and the overwhelming majority of the infringing sellers and websites that Bay Smokes reported to Plaintiff remain in operation today.

53.    Plaintiff's failure to take meaningful enforcement action in response to Bay Smokes's notifications constitute a material breach of the Agreement.

54.    As a direct result of Plaintiff's breach of Section 4.5 of the Agreement, Bay Smokes has suffered injuries for which it is entitled to damages, including damages for which Bay Smokes is entitled to indemnification pursuant to Section 16.2 of the Agreement, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

*Plaintiff Breached the Agreement's Requirement That Plaintiff Would*

*Use Best Efforts to Advertise, Market and Promote Licensed Products*

55.    Under Section 5.10 of the Agreement, Plaintiff was to use its "best efforts to advertise, market and promote Licensed Products."

56.    The Agreement defines "Licensed Products" as "certain products" that are identified and set forth within the Agreement.

57.    Plaintiff, however, failed to use its "best efforts" to "advertise, market and promote" the Licensed Products, resulting in harm to Bay Smokes.

58.    To the contrary, Plaintiff filed the Complaint in this action publishing false allegations of product contamination that are directly contradicted by Bay Smokes's contemporaneous October 10, 2025, certificate of analysis for the "THCA Flower Gelato 45" batch that Plaintiff purports to have independently tested.

59.    Additionally, instead of using its "best efforts" to "advertise, market and promote" the Licensed Products, Plaintiff's principal Eric Anderson has directly disparaged Bay Smokes and the Licensed Products to prospective customers at industry trade shows prior to the termination of the Agreement, while steering those customers to competing sources of supply in which Plaintiff's principal holds an undisclosed personal financial interest.

60.    As a direct result of Plaintiff's breach of Section 5.10 of the Agreement, Bay Smokes has suffered injuries for which it is entitled to damages, including damages for which Bay Smokes is entitled to indemnification pursuant to Section 16.2 of the Agreement, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

*Demand for Return of Overpaid Profit Share*

61.    Under the Agreement, Plaintiff, as Bay Smokes's Marketing Partner, was to perform certain marketing-related services (the "Marketing Services"), as set forth in Exhibit E to the Agreement.

62.    Exhibit E, Section 3(a), to the Agreement states that:

33

> As compensation for rendering the Marketing Services hereunder, Marketing Partner shall be paid the sum of Sixty percent (60%) of Net Profits generated from the Program in arrears on a monthly basis. **"Net Profits"** shall mean excess profits that remain after all expenses, taxes, and liabilities have been paid by the Company.

63.   Under the sixty percent Net Profits formula set forth in Exhibit E, Section 3(a), Plaintiff, as the Marketing Partner, has been materially overpaid.

64.   Since January 2025, Bay Smokes has paid Plaintiff, as the Marketing Partner, approximately $553,929.73.

65.   However, Bay Smokes believed that, through March 2026, Plaintiff, as the Marketing Partner, earned approximately $404,755.70 of the profit share provided for in Section 3(a) of Exhibit E of the Agreement, resulting in an overpayment to Plaintiff of $149,174.03.

66.   By letter dated April 24, 2026 (the "Notice of Termination"), Bay Smokes demanded the return of the full amount of the $149,174.03 overpayment within thirty days of Plaintiff's receipt of the letter, subject to supplementation upon completion under the Agreement of the final Section 13.8 accounting and the exercise of Bay Smoke's audit rights under Section 18 of the Agreement.

67.   On or around April 27, 2026, Plaintiff received the Notice of Termination.

68.   Following Bay Smokes's sending of the Notice of Termination, Bay Smokes conducted its Section 13.8 accounting and exercised its audit rights under Section 18 of the Agreement.

69.   The post-termination accounting and auditing revealed that Plaintiff, as the Marketing Partner, had earned only $347,508.88 of the profit share provided for in Section 3(a) of Exhibit E of the Agreement, and not the original estimate of approximately $404,755.70 set forth in the Notice of Termination.

70.   The post-termination accounting and auditing further revealed that Plaintiff received an overpayment of $206,420.85.

34

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

71. As of the date of Bay Smokes's herein Counterclaims, Plaintiff has not returned to Bay Smokes the $206,420.85 overpayment or any portion thereof.

72. As a direct result of Plaintiff's failure to return to Bay Smokes the $206,420.85 overpayment, Bay Smokes has suffered injuries for which it is entitled to damages, including damages for which Bay Smokes is entitled to indemnification pursuant to Section 16.2 of the Agreement, including Bay Smokes's reasonable attorneys' fees and costs incurred in this litigation.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Breach of the Confidentiality Agreement)

73. Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

74. Bay Smokes and Plaintiff entered into the Agreement and the Confidentiality Agreement, which is annexed to the Agreement as Exhibit B.

75. In the Confidentiality Agreement, Plaintiff agreed not to disclose Confidential Information without the prior written consent of Bay Smokes.

76. Bay Smokes fully performed all terms of the Confidentiality Agreement.

77. Plaintiff has breached the Confidentiality Agreement by publicly filing the Complaint in this action, which discloses Confidential Information, including but not limited to, the material terms of the Agreement, confidential financial data regarding the parties' performance, pricing and margin information, and specific contract terms, all without Bay Smokes's prior written consent.

78. As a result of Plaintiff's breach of the Confidentiality Agreement, Bay Smokes has suffered damages, including but not limited to reasonable attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Breach of Section 20 of the Agreement)

79. Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

35

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

80.    Bay Smokes and Plaintiff entered into the Agreement and the Confidentiality Agreement, which is annexed to the Agreement as Exhibit B.

81.    In the Confidentiality Agreement, Plaintiff agreed not to disclose Confidential Information without the prior written consent of Bay Smokes.

82.    Section 20 of the Agreement extends the confidentiality protections in the Confidentiality Agreement to the Agreement itself and related financial and other non-public information.

83.    Bay Smokes fully performed and complied with all terms of the Agreement.

84.    Plaintiff has breached the Agreement by publicly filing the Complaint in this action, which discloses Confidential Information, including but not limited to, the material terms of the Agreement, confidential financial data regarding the parties' performance, pricing and margin information, and specific contract terms, all without Bay Smokes's prior written consent.

85.    As a result of Plaintiff's breach of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract – Breach of Section 9.6 of the Agreement)

86.    Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

87.    Bay Smokes and Plaintiff entered into the Agreement.

88.    In the Agreement, Plaintiff agreed that, pursuant to Section 9.6, for the length of the Agreement and for twenty-four months thereafter, or longer if permitted by applicable law, it would not "make any statements or take any action that disparages, is derogatory or otherwise damaging" to Bay Smokes.

89.    Bay Smokes fully performed and complied with all terms of the Agreement, including Section 9.6.

36

90. The Agreement was terminated, effective April 27, 2026.

91. Plaintiff has breached Section 9.6 of the Agreement by disparaging Bay Smokes by filing the Complaint in this action that publishes false allegations of product contamination that are directly contradicted by Bay Smokes's contemporaneous October 10, 2025, certificate of analysis for the "THCA Flower Gelato 45" batch that Plaintiff purports to have independently tested.

92. Plaintiff has also breached Section 9.6 of the Agreement by disparaging Bay Smokes and the Licensed Products, to prospective customers at industry trade shows, prior to and within twenty-four months of the termination of the Agreement, while steering those customers to competing sources of supply in which Plaintiff's principal holds an undisclosed personal financial interest.

93. As a result of Plaintiff's breach of Section 9.6 of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract – Breach of Section 13.6 of the Agreement)

94. Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

95. Bay Smokes and Plaintiff entered into the Agreement.

96. In the Agreement, Plaintiff agreed that, pursuant to Section 13.6, following the termination of the Agreement, it would not disparage Bay Smokes, or Bay Smokes's products or services.

97. The Agreement was terminated, effective April 27, 2026.

98. Bay Smokes fully performed and complied with all terms of the Agreement, including Section 13.6.

99. Plaintiff has breached Section 13.6 of the Agreement by disparaging Bay Smokes and the Licensed Products, to prospective customers at industry trade shows, following the termination of the Agreement, while steering those customers

to competing sources of supply in which Plaintiff's principal holds an undisclosed personal financial interest.

100.   As a result of Plaintiff's breach of Section 13.6 of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract – Breach of Section 37 of the Agreement)

101.   Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

102.   Bay Smokes and Plaintiff entered into the Agreement.

103.   In the Agreement, Plaintiff agreed, pursuant to Section 37, to waive its rights to a jury trial and instead submit any disputes arising out of the Agreement, to binding confidential arbitration.

104.   Bay Smokes fully performed and complied with all terms of the Agreement.

105.   Plaintiff has breached Section 37 of the Agreement by commencing this action instead of commencing a confidential arbitration in accordance with Section 37 of the Agreement.

106.   As a result of Plaintiff's breach of Section 37 of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract – Breach of Section 13.3 and Section 36 of the Agreement)

107.   Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

108.   Bay Smokes and Plaintiff entered into the Agreement.

109.   Bay Smokes fully complied with and performed all obligations under the Agreement.

110.   Pursuant to Section 13.3 of the Agreement, Plaintiff was required to provide Bay Smokes with written notice of any material breach of the Agreement allegedly committed by Bay Smokes.

111.   Section 36 of the Agreement requires that written notices be sent to Bay Smokes at the address set forth in Bay Smokes's signature page of the Agreement.

112.   Additionally, pursuant to Section 13.3 of the Agreement, following Bay Smokes's receipt of the written notice of the alleged material breach, Plaintiff was required to provide Bay Smokes thirty business days to cure the alleged material breach.

113.   Further, pursuant to Section 13.3. of the Agreement, if Plaintiff provided written notice to Bay Smokes of a material breach of the Agreement, Plaintiff was to provide Bay Smokes with an "additional reasonable time to cure" the material breach if the material breach could not be cured within thirty business days.

114.   Plaintiff alleges in the Complaint that on or around October 29, 2025, it obtained laboratory testing of Bay Smokes's product "THCA Flower Gelato 45."

115.   Plaintiff alleges that the "THCA Flower Gelato 45" it submitted for testing allegedly failed mandatory microbial safety testing, which Plaintiff alleges is a material breach of the Agreement.

116.   On or around February 13, 2026, Plaintiff sent its first written communication to Bay Smokes regarding the alleged results of the October 29, 2025 laboratory testing of the "THCA Flower Gelato 45" to a commercial mailbox. The commercial mailbox address is not the address Bay Smokes identified in the Agreement as the address to which written notices were to be sent.

117.   Plaintiff breached Section 36 of the Agreement by failing to send Bay Smokes written notice of the October 29, 2025 laboratory test results for the "THCA Flower Gelato 45" to the address Bay Smokes designated in the Agreement as the notice address prescribed in Section 36 of the Agreement.

118.   Plaintiff breached Section 13.3 of the Agreement because it failed to

39

give Bay Smokes the requisite amount of reasonable time to respond to and cure the alleged breach of the Agreement.

119.   As a result of Plaintiff's breaches of Section 13.3 and Section 36 of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Contract – Breach of Section 4.5 of the Agreement)

120.   Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

121.   Bay Smokes and Plaintiff entered into the Agreement.

122.   Bay Smokes fully complied with and performed all obligations under the Agreement.

123.   Under Section 4.5 of the Agreement, Plaintiff, as the Marketing Partner, has the exclusive obligation to control enforcement against third-party infringement of the Licensed Property (as defined in the Agreement).

124.   Under Section 4.5 of the Agreement, Bay Smokes's only corresponding obligation is to promptly notify Plaintiff of infringement of which Bay Smokes becomes aware.

125.   On numerous occasions during the term of the Agreement, Bay Smokes discharged its obligation under Section 4.5 of the Agreement and promptly notified Plaintiff of infringement of the Licensed Property of which Bay Smokes became aware.

126.   Plaintiff took no meaningful enforcement action in response.

127.   Plaintiff breached Section 4.5 of the Agreement by failing to take meaningful enforcement action in response to Bay Smokes's notifications.

128.   As a result of Plaintiff's breach of Section 4.5 of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

40

**EIGHTH CLAIM FOR RELIEF**

**(Breach of Contract – Breach of Section 5.10 of the Agreement)**

129. Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

130. Bay Smokes and Plaintiff entered into the Agreement.

131. Bay Smokes fully complied with and performed all obligations under the Agreement.

132. Under Section 5.10 of the Agreement, Plaintiff agreed to use its "best efforts to advertise, market and promote Licensed Products."

133. During the term of the Agreement, Plaintiff failed to use its "best efforts to advertise, market and promote Licensed Products."

134. Plaintiff breached Section 5.10 of the Agreement by publishing false allegations of product contamination that are directly contradicted by Bay Smokes's contemporaneous October 10, 2025, certificate of analysis for the gelato 45 batch that Plaintiff purports to have independently tested.

135. Plaintiff breached Section 5.10 of the Agreement by directly disparaging Bay Smokes and the Licensed Products to prospective customers at industry trade shows prior to the termination of the Agreement, while steering those customers to competing sources of supply in which Plaintiff's principal holds an undisclosed personal financial interest.

136. As a result of Plaintiff's breach of Section 5.10 of the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200)**

137. Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

138. California's Unfair Competition Law, Business and Professions Code

41

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

section 17200 et seq. ("UCL"), prohibits any unlawful, unfair, or fraudulent business act or practice and any unfair, deceptive, untrue, or misleading advertising.

139. Bay Smokes and Plaintiff are businesses engaged in commerce in California, and the acts complained of herein occurred, were directed to, and/or had their intended effects in California, including harm to Bay Smokes's business operations, reputation, and goodwill within this state.

140. Plaintiff's conduct constitutes "unlawful" business acts or practices under the UCL because Plaintiff breached a binding agreement between the parties requiring that disputes be resolved by confidential arbitration rather than through public court proceedings.

141. Plaintiff's filing of a complaint in federal court in violation of the parties' agreement is independently unlawful and/or constitutes an unlawful predicate act for purposes of the UCL.

142. The agreement to arbitrate is a valid and enforceable contract, and Bay Smokes has performed all conditions, covenants, and promises required on its part to be performed, or such performance has been excused.

143. Separately and additionally, Plaintiff's conduct is "unfair" within the meaning of the UCL because Plaintiff intentionally bypassed the agreed arbitral forum and instituted a federal court action to secure publicity and public exposure for its allegations, thereby gaining an improper competitive advantage and leveraging reputational pressure outside the bargained-for dispute-resolution process.

144. The harm to Bay Smokes from Plaintiff's forum-shopping and publicity-seeking tactics—including diversion of resources, disruption of business relationships, loss of goodwill, and reputational injury—outweighs any countervailing benefits to consumers or competition, and such harms were foreseeable and avoidable through adherence to the parties' arbitration agreement.

145. Plaintiff's conduct offends established public policy favoring enforcement of arbitration agreements, private dispute resolution, and fair

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

competition grounded in compliance with contractual commitments.

146. To the extent applicable, Plaintiff's conduct is "fraudulent" under the UCL because it is likely to deceive members of the public and the marketplace by creating the false impression, through the chosen public forum and related publicity, that Plaintiff engaged in wrongful conduct, notwithstanding the parties' agreement to resolve disputes privately in arbitration and without public dissemination of unproven allegations.

147. Plaintiff's actions were willful and undertaken with the purpose of maximizing public exposure and media attention to its allegations to pressure Bay Smokes, to impair Bay Smokes's standing in the marketplace, and to extract leverage in the dispute, rather than to resolve the controversy in the agreed arbitral forum.

148. As a direct and proximate result of Plaintiff's unlawful, unfair, and/or fraudulent acts and practices, Bay Smokes has suffered injury in fact and lost money or property, including but not limited to: increased legal and administrative costs responding to the improperly filed federal action, redirection of personnel and resources, harm to business reputation and goodwill, disruption of existing and prospective economic relationships, and diminution in the value of confidential business interests that the arbitration process was designed to protect. Bay Smokes has also suffered and will continue to suffer irreparable harm to its competitive position absent relief.

149. All conditions precedent to Bay Smokes's recovery under this cause of action have occurred, been performed, or been excused, including Bay Smokes' demand for adherence to the arbitration agreement and objection to Plaintiff's filing and publicity-seeking conduct.

150. Bay Smokes seeks restitution and/or disgorgement of all monies wrongfully obtained by Plaintiff through the foregoing unfair competition, as permitted by the UCL, together with a judicial order enjoining Plaintiff from continuing the acts and practices described herein, including prosecuting claims in

any public forum in violation of the parties' agreement to arbitrate, and requiring Plaintiff to submit the dispute to arbitration in accordance with the parties' agreement, as well as all other relief available under California Business and Professions Code § 17203 and such other equitable relief as the Court deems proper.

151.    Bay Smokes also seeks an award of attorneys' fees and costs as permitted by contract and/or equity, and pre- and post-judgment interest as permitted by law, in amounts to be proven at trial or in connection with post-judgment proceedings.

## TENTH CLAIM FOR RELIEF

### (Breach of Contract – Breach of Exhibit E to the Agreement)

152.    Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

153.    Bay Smokes and Plaintiff entered into the Agreement.

154.    Bay Smokes fully complied with and performed all obligations under the Agreement.

155.    Under Exhibit E to the Agreement, Plaintiff agreed to perform certain marketing-related services for which it was to be paid pursuant to a formula set forth in Section 3(a) of Exhibit E.

156.    Since January 2025, Bay Smokes has paid Plaintiff approximately $553,929.73.

157.    However, as of May 2026, Plaintiff earned approximately $347,508.88 of the profit share provided for in Section 3(a) of Exhibit E, resulting in an overpayment of $206,420.85.

158.    In the April 24, 2026 Notice of Termination, Bay Smokes demanded the return of the full amount of the overpayment within thirty days of Plaintiff's receipt of the letter, subject to supplementation upon completion under the Agreement of the final Section 13.8 accounting and the exercise of Bay Smokes's audit rights under Section 18 of the Agreement.

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

159.  On or around April 27, 2026, Plaintiff received the Notice of Termination.

160.  Following Bay Smokes's sending of the Notice of Termination, Bay Smokes, pursuant to its rights under Section 13.8 and Section 18 of the Agreement, confirmed that the amount of the overpayment is $206,420.85.

161.  Plaintiff breached the Agreement by failing to return to Bay Smokes the $206,420.85 overpayment within thirty days of Plaintiff's receipt of the Notice of Termination.

162.  As a result of Plaintiff's breach of Exhibit E to the Agreement, Bay Smokes has suffered damages, including but not limited to attorneys' fees and costs, in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

163.  Bay Smokes reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

164.  Under Exhibit E to the Agreement, Plaintiff agreed to perform certain marketing-related services for which it was to be paid pursuant to a formula set forth in Section 3(a) of Exhibit E.

165.  Plaintiff was paid approximately $553,929.73 in anticipation that it would perform sufficient marketing-related services sufficient to earn this amount pursuant to the formula set forth in Section 3(a) of Exhibit E.

166.  However, as of May 2026, Plaintiff earned approximately $347,508.88 of the profit share provided for in Section 3(a) of Exhibit E, resulting in an overpayment of $206,420.85.

167.  Plaintiff has appreciated the benefits of the $206,420.85 overpayment conferred by Bay Smokes through the overpayment, but has not returned or reimbursed Bay Smokes the $206,420.85 overpayment.

168.  Plaintiff's retention of the overpayment is unjust because the sum was

45

not earned, was not due under the Agreement, or any agreement or applicable policy, and exceeds any payments properly payable to Plaintiff for the relevant period and services.

169. There is no legal or equitable justification for Plaintiff to retain the $206,420.85 overpayment. To the extent the Agreement or another policy governs compensation, it does not authorize the overpayment; alternatively, if no enforceable contract governs the disputed overpayment, equity requires restitution.

170. Bay Smokes provided timely notice to Plaintiff of the overpayment and demanded reimbursement on or about April 24, 2026.

171. On April 27, 2026, Plaintiff conceded it received the demand for reimbursement. Since that time, Plaintiff failed and refused to return the overpayment, and continues to fail and refuse, to return the overpayment.

172. As a direct and proximate result of Plaintiff's unjust retention of the overpayment, Bay Smokes has suffered damages in an amount equal to at least the overpayment, plus interest, in an amount to be proven at trial.

173. As a direct and proximate result of Plaintiff's unjust retention of the overpayment, Bay Smokes has suffered damages in an amount equal to at least the overpayment, plus interest, in an amount to be proven at trial.

174. Bay Smokes has no adequate remedy at law with respect to the unjust retention of the overpayment to the extent legal remedies are inadequate to prevent Plaintiff's unjust enrichment; in all events, Bay Smokes is entitled to restitution and/or disgorgement of the overpayment.

175. Bay Smokes seeks the imposition of a constructive trust and/or equitable lien over funds or property in Plaintiff's possession traceable to the overpayment, in an amount to be determined at trial.

///

///

///

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

## **PRAYER FOR RELIEF**

**WHEREFORE**, having asserted Counterclaims, Defendant-Counterclaimant Bay Smokes respectfully requests that the Court grant the following relief as to the Counterclaims:

A. That judgment be entered in favor of Defendant-Counterclaimant Bay Smokes on its Counterclaims;

B. That Defendant-Counterclaimant Bay Smokes be awarded money damages and costs, disbursements, and attorneys' fees in an amount to be determined at the time of trial; and

C. For such other and further relief as the Court deems just and equitable.

Dated:  June 11, 2026                                 EPSTEIN BECKER & GREEN, P.C.


                                                     By: */s/ David Jacobs*
                                                         David Jacobs

                                                         *Attorneys for Defendants*
                                                         *Bay Smokes LLC and*
                                                         *Good Global LLC*

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

3. I served copies of the following documents (*specify the exact title of each document served*):

**DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

David R. Welch                          *Attorneys for Plaintiff*
Kelley Bond                             *THE HOLDING COMPANY*
Marius Jungk
ENSO LAW, L.L.P.
600 Wilshire Blvd., Suite 890
Los Angeles, CA 90017
Tel: (213) 314-0028
Email: litigation@enso.law

5. a. ☐ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (*specify one*) placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

   c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier

48

and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

e. ☒ **By e-mail or electronic transmission.** Pursuant to Code of Civil Procedure section 1010.6, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by means described in item 5 on (*date*): **June 11, 2026**.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

6/11/2026     Joy Ingoglia
DATE     (TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

49

DEFENDANT BAY SMOKES LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIMS